

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2008

# Kirlew v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2670

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kirlew v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1520.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1520

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 06-2670, 06-3414

_____

MICHAEL KIRLEW,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

_____

On Review of a Decision of the Board of Immigration Appeals
Agency No. A30 093 662
Immigration Judge: Grace A. Sease

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 14, 2008

Before: FUENTES, JORDAN, *Circuit Judges*, and RUFE,* *District Judge*.

(Opinion Filed: February 27, 2008)

_____

---

* Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

-1-

FUENTES, *Circuit Judge*:

Michael Kirlew ("Kirlew") petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an immigration judge's ("IJ") final order of removal, as well as the BIA's refusal to reopen proceedings. For the following reasons, we will deny the petitions.

## I.

Because we write for the parties' benefit, we will recite only those facts necessary to decide this matter. Kirlew is a 41 year old native and citizen of Jamaica who entered the United States on September 11, 1973. In 2005, the Department of Homeland Security ("DHS") issued two notices alleging that Kirlew was removable for having been convicted of the following crimes: (1) carrying a firearm without a license in violation of 18 Pa. Cons. Stat. § 6106(a)(2) (the "Firearms Conviction"); (2) criminal conspiracy to deliver a controlled substance in violation of 18 Pa. Cons. Stat. § 903 (the "Conspiracy Conviction"); and (3) possession of marijuana (the "Marijuana Conviction"). The DHS alleged that these convictions rendered him removable from the United States as an alien convicted of two aggravated felonies, 8 U.S.C. § 1227(a)(2)(A)(iii), § 1101(a)(43)(B) & (U), as an alien convicted of a firearms offense, 8 U.S.C. § 1227(a)(2)(C), and as an alien convicted of a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i).

Kirlew appeared before an IJ and conceded these convictions. He then obtained new counsel and filed a series of motions. First, he filed a motion asking the IJ to release him on bond. The IJ denied this motion, finding sufficient evidence in the record of Kirlew's criminal convictions. Kirlew then filed a motion to withdraw his earlier admissions, claiming the DHS had insufficient proof of his convictions. The IJ also denied this motion, holding that the DHS met its burden of presenting clear and convincing evidence of Kirlew's removability.

Kirlew then filed a motion asking the IJ to recuse herself from this matter. He claimed that the IJ's decision denying bond, her failure to permit him to withdraw his earlier admissions, and her overall attitude during the proceedings evidenced her bias. In a written opinion, the IJ denied this request. The IJ then issued an oral decision finding Kirlew removable and ordering him removed to Jamaica.

Kirlew appealed the IJ's decisions to the BIA, which affirmed. The BIA found that Kirlew's removability was based on "abundant conviction records produced by the DHS...." (Administrative Record ("A.R.") 23.) The BIA also held that Kirlew did not demonstrate sufficient good cause to withdraw his concessions of removability. Furthermore, the BIA held that Kirlew's motion for recusal was "unsupported by the record." (A.R. 3.) Kirlew then petitioned this Court for review.

While his petition was pending, Kirlew moved before the BIA to reopen his proceedings and reconsider its decision, which the BIA denied. Kirlew then filed a

second petition with us seeking review of the BIA's denial of this motion.  We consolidated both petitions for review.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252. The BIA's factual findings are reviewed for substantial evidence, 8 U.S.C. § 1252(b)(4)(B), and its legal determinations are reviewed de novo, *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004).  Furthermore, we will review the BIA's denial of Kirlew's motion to reopen for abuse of discretion.  *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005).  Under the abuse of discretion standard, the BIA's decision will be reversed if it is arbitrary, irrational, or contrary to law.  *Fadiga v. AG of the United States*, 488 F.3d 142, 153 (3d Cir. 2007).

## III.

Kirlew first argues that the evidence establishing the Conspiracy Conviction violates the requirement of *Woodby v. INS*, 385 U.S. 276, 286 (1966), that removal orders be based on "clear, unequivocal, and convincing evidence."  We disagree.  The record contains an Order from the Court of Common Pleas, Lancaster County, recording that Kirlew was convicted of criminal conspiracy (A.R. 231), which is supported by the NCIC printout (A.R. 220), the Criminal Information listing the charge (A.R. 232-33), his written guilty plea to this offense (A.R. 234-36), as well as the Complaint and Affidavit of probable Cause relating to this offense (A.R. 237-38).  Furthermore, each of these

documents is admissible to prove the existence of the Conspiracy Conviction. *See* 8 C.F.R. § 1003.41.

Kirlew raises a number of arguments directed towards the sufficiency of these documents. His arguments are mainly directed at the clarity of the records, some of which use abbreviations to describe the term "criminal conspiracy," and some of which are unsigned by him. We reject each of these arguments as the documents submitted by the government, taken together, clearly and unequivocally establish that Kirlew was convicted of the Conspiracy Conviction. Accordingly, Kirlew is removable for this offense.[1]

**IV.**

Kirlew next contends that he is not removable for the Firearms Conviction because it was a "licensing offense," and not a "possession offense" under 8 U.S.C. §1227(a)(2)(C). We disagree. Contrary to Kirlew's assertion, the statute under which he was convicted does not merely criminalize the non-licensing of a weapon – it penalizes the *carrying* of a weapon without a license. *See* 18 Pa. Cons. Stat. § 6106(a)(2) (providing that any "person who is otherwise eligible to possess a valid license under this chapter but *carries* a firearm ... without a valid and lawfully issued license" is guilty of a

---

[1]Kirlew also raises a sufficiency of evidence argument regarding the Marijuana Conviction, which he claims was later vacated on May 11, 2006. Since Kirlew raised this argument in his motion to reopen, we will address it below in our discussion of the motion to reopen. *See infra* Part VI.

misdemeanor (emphasis added)). Because the Firearms Conviction penalized Kirlew for carrying a firearm, he is removable for that conviction as charged by the government. *See* 8 U.S.C. §1227(a)(2)(C) (providing that an alien is removable for being convicted of "carrying" or conspiring to "carry" any weapon in violation of the law).

**V.**

Kirlew next argues that the BIA erred in affirming the IJ's refusal to recuse herself because of judicial bias. After reviewing the record, we conclude that the IJ's conduct did not require recusal. Kirlew's argument that the IJ's attitude towards his counsel evidenced her bias is unavailing. While the IJ was perhaps impatient with Kirlew's counsel at times, it is also notable that she adjourned the matter on two occasions so Kirlew could pursue various avenues of relief. (A.R. 86, 99-100.) Any hostility expressed by her behavior can be characterized as those "expressions of impatience, dissatisfaction, annoyance, and even anger" that are expressed by judges on occasion and which do not rise to the level of a due process violation. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Moreover, we cannot base a finding of bias merely on repeated adverse rulings, *id*. at 555, nor can counsel's personal experiences with the IJ in other matters, which are not contained in the administrative record, constitute evidence we can consider in a petition for review. Accordingly, the BIA's ruling on this issue will not be

disturbed.[2]


## VI.

Finally, Kirlew challenges the BIA's denial of his motion to reopen and reconsider. Kirlew sought to reopen his proceedings because his Marijuana Conviction was subsequently vacated and, therefore, he argued that he was entitled to relief under former Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996), for the Firearms Conviction and Conspiracy Conviction. In addition, Kirlew argued that the matter should be reopened because his first attorney rendered ineffective assistance of counsel. Kirlew also sought reconsideration of the BIA's previous decision because he claimed that it "failed to articulate *any* legal standard, statutory, case law or regulation in support of its legal conclusion" (A.R. 7) (emphasis in original) and improperly discounted his claims of bias regarding the IJ.

Because the BIA properly affirmed the IJ's denial of recusal, we will affirm the BIA's decision not to reopen the matter on that ground. Furthermore, while the record validates Kirlew's claim that his Marijuana Conviction was subsequently vacated, he would still be unable to obtain Section 212(c) relief because of the Firearms Conviction.

---

[2]Kirlew also argues that counsel for the DHS during the proceedings did not make a good faith argument justifying his contention that the IJ was not biased. Since we hold that the IJ's conduct did not justify a finding of bias, we also reject Kirlew's contentions regarding the conduct of the DHS's counsel.

*See Caroleo v. Gonzales*, 476 F.3d 158, 165 (3d Cir. 2007) (holding that Section 212(c) relief is unavailable to a lawful permanent resident convicted of a firearms offense qualifying under 8 U.S.C. § 1227(a)(2)(C)) (citing *Komarenko v. INS*, 35 F.3d 432 (9th Cir. 1994)).

Furthermore, as the BIA correctly found, Kirlew's ineffective assistance of counsel claim must fail because he did not provide the BIA with an affidavit detailing this claim, nor did he notify the relevant disciplinary authorities of his charges. In *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), the BIA held that an alien raising an ineffective assistance of counsel claim in a motion to reopen must present the foregoing information. We have previously upheld the BIA's use of the *Lozada* test in adjudicating motions to reopen for ineffective assistance of counsel. *See, e.g., Mudric v. AG of the United States*, 469 F.3d 94, 100 (3d Cir. 2006). Because Kirlew did not satisfy the requirements of *Lozada*, the BIA did not abuse its discretion in denying the motion to reopen on this ground.[3]

## VII.

For the foregoing reasons, we will deny the petitions for review.

---

[3]Kirlew claims that he submitted an amended motion to reopen which met the strictures of *Lozada*. This amended motion, though, is not reflected in the certified administrative record, nor does the record indicate that Kirlew ever sought to supplement his pleadings before the BIA. Furthermore, it is worth noting that, as to Kirlew's ineffective assistance of counsel claim, Kirlew could not show prejudice. As chronicled above, the DHS's evidence was more than sufficient to prove his removability, and he was not eligible for Section 212(c) relief because of the existence of the Firearms Conviction from 1995.

-8-