

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2008

# Sudol v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4585

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sudol v. Atty Gen USA" (2008). *2008 Decisions.* Paper 224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4585

———————

PIOTR SUDOL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A12-751-377)
Immigration Judge:  Honorable Frederic Leeds

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2008

Before: AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed:  November 17, 2008)

———————

OPINION

———————

PER CURIAM

Piotr Sudol petitions for review of an order of the Board of Immigration Appeals

(BIA).  For the reasons below, we will deny the petition for review.

In May 2007, Sudol, a native of Poland, was charged as removable as an aggravated felon. Sudol denied the charge of removability and applied for a discretionary waiver of removal pursuant to 8 U.S.C. § 1182(c) (also known as "§ 212(c) relief"). After a hearing, the Immigration Judge (IJ) sustained the charge that Sudol committed an aggravated felony related to the sexual abuse of a minor.[1] The IJ determined that Sudol was not eligible for § 212(c) relief and ordered Sudol removed to Poland. The BIA adopted and affirmed the IJ's decision and dismissed the appeal. Through counsel, Sudol filed a timely petition for review.

We have jurisdiction to consider whether Sudol is an aggravated felon and exercise plenary review over the BIA's conclusion. Garcia v. Att'y Gen., 462 F.3d 287, 290-91 (3d Cir. 2006). We have jurisdiction to review any constitutional claims or questions of law de novo. Caroleo v. Gonzales, 476 F.3d 158, 162 (3d Cir. 2007).

Sudol argues that the IJ erred in finding that he had been convicted of an aggravated felony because he was committed to a mental health facility for psychiatric treatment. However, pursuant to 8 U.S.C. § 1101(a)(48)(A), the definition of a conviction includes a formal judgment of guilt entered by a court or a guilty plea by an alien and the imposition of restraint on the alien's liberty. Here, Sudol pleaded guilty to aggravated sexual assault and aggravated sexual contact and was sentenced to fifteen

---

[1] Sudol committed aggravated sexual assault against one of his daughters when she was between thirteen and sixteen years old.

2

years of confinement at Avenel Adult Diagnostic and Treatment Center.  Such

confinement was a restraint on his liberty.[2]  Thus, he was "convicted" of an aggravated

felony and is removable.

In order for Sudol to establish eligibility for relief under § 212(c), he must

demonstrate, inter alia, that the basis for his removal has a "statutory counterpart" ground

for exclusion in § 212(a) of the Immigration and Nationality Act.  Caroleo, 476 F.3d at

162.  Sudol argues that he committed a crime of moral turpitude which is listed in §

212(a).  While Sudol's crime could be characterized as a crime involving moral turpitude,

the statutory counterpart analysis looks at the ground for removal, which here is the

aggravated felony of sexual abuse of a minor.  Caroleo, 476 F.3d at 164.  This categorical

approach does not violate equal protection.  Id. at 165-67.  The aggravated felony for

which Sudol has been found removable, sexual abuse of a minor, does not have a

statutory counterpart in § 212(a).  Zamora-Mallari v. Mukasey, 514 F.3d 679, 692-93 (7th

Cir. 2008); Abebe v. Gonzales, 493 F.3d 1092, 1105 (9th Cir. 2007); Avilez-Granados v.

Gonzales, 481 F.3d 869, 872 (5th Cir. 2007).  But see Blake v. Carbone, 489 F.3d 88, 104

(2d Cir. 2007)(holding an aggravated felon is eligible for § 212(c) waiver if his offense

---

[2] Sudol relies on Holzapfel v. Wyrsch, 259 F.2d 890 (3d Cir. 1958), in which the alien's prison sentence was suspended, and he was placed on probation with psychiatric treatment as a condition of probation.  However, in Holzapfel, the alien was charged as removable for being convicted of a crime of moral turpitude and sentenced to confinement for a year or more.  Here, Sudol is charged as removable for being an aggravated felon – the definition of which does not depend on any sentence received.

could form the basis for exclusion as a crime of moral turpitude under § 212(a)). Thus, the BIA did not err in concluding that Sudol is not eligible for § 212(c) relief.

For the above reasons, we will deny the petition for review.

4