**IMG-140** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2014
_____

MICHAEL JULIUS BUMBURY,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A036-478-631)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2010

Before:  FUENTES, ROTH AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2010)
_____

OPINION
_____

PER CURIAM

   Michael Bumbury petitions for review of the Board of Immigration Appeals'

("BIA") decision affirming an immigration judge's (IJ's) final order of removal.  For the

reasons that follow, we will deny the petition.

I.

Michael Bumbury is a 35-year-old citizen of Guyana and a lawful permanent resident of the United States. He was admitted to this country in 1981 at the age of six. In 1990, at the age of fifteen, Bumbury was tried and convicted as an adult in the state of New York for first-degree sodomy. Bumbury was released in 1996, but he was incarcerated months later for a parole violation. In 2000, after a second conviction for sodomy that was later vacated, Bumbury was served with a Notice to Appear charging him with being removable as an aggravated felon for committing a "crime of violence" and for the commission of two crimes involving moral turpitude. See 8 U.S.C. §§ 1227(a)(2)(A)(ii); (a)(2)(A)(iii).

At his hearing before the IJ in 2000, Bumbury, appearing pro se, admitted the existence of his first conviction, but declined to consider the later conviction because it was under a direct appeal. Finding Bumbury removable as an aggravated felon for the 1990 sodomy conviction but not removable for the conviction of two crimes involving moral turpitude, the IJ then addressed Bumbury's application for a waiver of removal under former INA § 212(c). Because Bumbury had served more than five years incarceration for his conviction, the IJ found that Bumbury was ineligible for § 212(c) relief. Bumbury filed an appeal, which was dismissed by the BIA as untimely.

In 2001, Bumbury was transferred from the New York correctional system to an immigration detention center, where he remained until he posted bond in 2006.[1]  In November 2007, the proceedings were reopened, and the IJ held a hearing on the merits of Bumbury's application for a § 212(c) waiver.  The IJ denied Bumbury's application for a waiver under § 212(c) as a matter of discretion.  The IJ further stated that even if his discretionary denial of relief was not sustained, Bumbury might still be ineligible for a waiver, based on the BIA's holding in Matter of Brieva, 23 I. & N. Dec. 766 (BIA 2005); the IJ requested that the BIA review Bumbury's eligibility in light of that BIA decision.  On appeal, the BIA, relying on Matter of Brieva and Caroleo v. Gonzales, 476 F.3d 158, 167-68 (3d Cir. 2007), held that Bumbury was statutorily ineligible for a § 212(c) waiver because his conviction for a "crime of violence" lacked a "statutory counterpart" ground for exclusion in INA § 212(a).  Bumbury timely petitioned this Court to review the BIA's

---

[1]During the course of the five years that Bumbury spent in immigration custody, he made numerous pro se attempts to reopen his proceedings, based on the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001).  In response to one motion, he was instructed by the New Jersey immigration court to file in New York, only to later have the New York immigration court instruct him that jurisdiction lay in New Jersey.  In March 2005, the BIA denied his motion to reopen, holding that Bumbury was not eligible for a § 212(c) waiver due to his second conviction in 2000.  Bumbury then petitioned for a writ of habeas corpus with the United States District Court, proving that his 2000 conviction had been vacated in November 2001.  The District Court transferred the petition to the Second Circuit, which remanded the matter to the BIA in light of the vacatur of his 2000 conviction and the BIA's reliance on the 2000 conviction in its decision.  The BIA then remanded the matter to the IJ.  Following this remand, in October 2005, upon motion of the government, the venue was changed from New York to New Jersey.

3

decision.[2]

## II.

Bumbury challenges the legal basis for the BIA's denial of his application for § 212(c) relief, and he asserts that the categorical approach to determining the statutory counterpart requirement violates his rights to due process and equal protection. Because Bumbury's petition raises a question of law, as well a constitutional claims, we have jurisdiction to review his petition under 8 U.S.C. § 1252(a)(2)(D). See Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2006). Where, as here, the BIA issued a separate decision and did not adopt any portion of the IJ's decision, we review only the BIA's decision. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006) (citations omitted).[3] The BIA's legal conclusions are reviewed de novo. See Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004).

## III.

In order for Bumbury to establish eligibility for relief under § 212(c), he must demonstrate that the basis for his removal has a "statutory counterpart" ground for exclusion in § 212(a) of the Immigration and Nationality Act. Caroleo, 476 F.3d at 168. Bumbury argues that his 1990 conviction for sodomy is a crime of moral turpitude, which

---

[2]Bumbury does not dispute that he is removable for having committed a "crime of violence."

[3]Because the BIA did not expressly adopt or defer to the IJ's finding denying Bumbury § 212(c) relief as a matter of discretion, that issue is not before us. See Kayembe v. Ashcroft, 334 F.3d 231, 234-35 (3d Cir. 2003).

is listed in § 212(a). While Bumbury's crime could be characterized as a crime involving moral turpitude (and, as Bumbury points out, was also charged as such in the government's Notice to Appear), we conduct the statutory counterpart analysis by looking at the ground used to make an alien removable. Id. ("[o]nce the government has categorized [an] offense as a 'crime of violence' in removal proceedings, and that categorization has been upheld, our § 212(c) inquiry focuses on whether *this statutory ground* for removal is substantially equivalent to any of the statutory grounds for exclusion contained in INA § 212(a)"). Bumbury was found removable for having committed a crime of violence, and a "crime of violence" does not have a statutory counterpart in § 212(a). Id.; see also Gonzales-Mesias v. Mukasey, 529 F.3d 62, 64 (1st Cir. 2008) (holding that there was no comparable statutory ground of inadmissibility in a case in which the aggravated felony "crime of violence" was predicated on a conviction for sodomy). Thus, the BIA did not err in concluding that Bumbury is not eligible for § 212(c) relief.

Bumbury contends that allowing the government to categorize his sodomy conviction as a crime of moral turpitude for purposes of establishing a ground for deportability under § 237(a)(2)(A)(iii), yet denying him the opportunity to categorize the same conviction as a crime of moral turpitude for purposes of § 212(c) relief, is fundamentally unfair and a violation of his due process and equal protection rights. In Caroleo, we considered the equal protection implications of this approach and rejected the

5

same due process and equal protection challenges that Bumbury raises. Caroleo, 476 F.3d at 164-65. While recognizing "the seeming illogic" of such a distinction, we held that an aggravated felony "crime of violence" is not a statutory counterpart of a "crime involving moral turpitude," and it is irrelevant whether the aggravated felony may have subjected him to removal as an alien convicted of a crime of moral turpitude under INA § 237(a)(2)(A)(I). Id. at 168. Accordingly, Bumbury is not entitled to relief on this ground.

For the above reasons, we will deny the petition for review.