# In re Miguel Antonio BRIEVA-Perez, Respondent

File A36 099 993 - Houston

*Decided June 7, 2005*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The offense of unauthorized use of a motor vehicle in violation of section 31.07(a) of the Texas Penal Code is a crime of violence under 18 U.S.C. § 16(b) (2000) and is therefore an aggravated felony under section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (2000).

(2) An alien who is removable on the basis of his conviction for a crime of violence is ineligible for a waiver under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), because the aggravated felony ground of removal with which he was charged has no statutory counterpart in the grounds of inadmissibility under section 212(a) of the Act, 8 U.S.C. § 1182(a) (2000).

FOR RESPONDENT:  William F. Harmeyer, Esquire, Houston, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Lisa Luis, Assistant Chief Counsel

BEFORE:   Board Panel:  HOLMES, HURWITZ and MILLER, Board Members.

MILLER, Board Member:

In a decision dated October 15, 2003, an Immigration Judge found the respondent removable as charged and denied his application for a waiver under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994).  The respondent has appealed, arguing that his conviction for "unauthorized use of a motor vehicle" is not a crime of violence under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2000).  Alternatively, he argues that the Immigration Judge erred in finding him ineligible for a section 212(c) waiver for failure to demonstrate a ground of inadmissibility comparable to the ground on which he was found removable.  The respondent's appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The respondent is a native and citizen of Colombia who was admitted to the United States in 1980 as a lawful permanent resident. On June 17, 1993, he pleaded guilty in a Texas State court to "unauthorized use of a motor vehicle" in violation of section 31.07(a) of the Texas Penal Code. Adjudication was initially deferred and an order of 5 years' probation was entered. After failure to comply with the conditions of his probation, the respondent was adjudicated guilty on August 15, 1995, and was sentenced to 5 years' confinement. He served less than a year of this sentence.

In February 2003, the Immigration and Naturalization Service (now the Department of Homeland Security) commenced removal proceedings based on the respondent's conviction. Initially, the Service charged the respondent under the aggravated felony ground for removal, section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), for a conviction relating to a "theft offense" under section 101(a)(43)(G). The Service subsequently withdrew this charge and substituted an aggravated felony "crime of violence" charge under section 101(a)(43)(F) of the Act.

The Immigration Judge found that the Service met its burden of demonstrating that the respondent's offense was an aggravated felony crime of violence under controlling circuit court precedent. *See United States v. Galvan-Rodriguez*, 169 F.3d 217 (5th Cir. 1999) (holding that a conviction under the Texas statute prohibiting "unauthorized use of a motor vehicle" was a crime of violence under a provision of the United States Sentencing Guidelines). The Immigration Judge also found that the respondent was ineligible for a waiver under section 212(c) of the Act because he had not demonstrated a comparable ground of inadmissibility. As no other relief was sought, the Immigration Judge ordered the respondent removed from the United States to Colombia.

## II. ISSUES

In this appeal we must first decide whether the respondent's offense was a crime of violence and therefore an aggravated felony. If we conclude that he was convicted of a crime of violence, we must then determine if there is a comparable ground of inadmissibility for that ground of removal so as to provide a basis for a section 212(c) waiver.

## III. AGGRAVATED FELONY "CRIME OF VIOLENCE"

Section 31.07(a) of the Texas Penal Code prohibits the "unauthorized use of a motor vehicle," defined as "intentionally or knowingly operat[ing] another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." Tex. Penal Code Ann. § 31.07(a) (Vernon 2004). The

question is whether the respondent's conviction under this provision is for an aggravated felony "crime of violence" under section 101(a)(43)(F) of the Act. That section includes within the definition of an "aggravated felony"

> a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [is] at least one year.

In turn, 18 U.S.C. § 16 (2000) defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The respondent's offense is not a § 16(a) offense because the Texas statute under which he was convicted does not include the use of force as an element of the offense. The focus in this case, therefore, is on whether his offense meets the requirements of § 16(b). There is no dispute that the respondent was convicted of a felony offense. The only question is whether the offense is one that "by its nature" involves a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

In *United States v. Galvan-Rodriguez*, *supra*, the United States Court of Appeals for the Fifth Circuit addressed the question whether a Texas conviction for "unauthorized use of a motor vehicle" was a conviction for an aggravated felony "crime of violence" in the context of a sentencing enhancement determination. Under the applicable United States Sentencing Guidelines, the question whether an enhancement was appropriate turned on whether the respondent's conviction was for a "crime of violence" within the meaning 18 U.S.C. § 16.

The court in *Galvan-Rodriguez* began its analysis by explaining that the phrase "by its nature" in 18 U.S.C. § 16(b) "requires courts to employ a categorical approach—without examining the underlying facts surrounding the conviction—in determining whether an offense constitutes a crime of violence." *United States v. Galvan-Rodriguez*, *supra*, at 219. The court then identified a number of offenses that, by their nature, involve a substantial risk that physical force may be used against the person or property of another during the course of their commission and are therefore crimes of violence under § 16(b), including indecency with a child, *United States v. Velazquez-Overa*, 100 F.3d 418 (5th Cir. 1996); burglary of a vehicle, *United States v. Ramos-Garcia*, 95 F.3d 369 (5th Cir. 1996); burglary of an automobile or nonresidential building, *United States v. Rodriguez-Guzman*, 56 F.3d 18 (5th Cir. 1995); and burglary of a habitation, *United States v. Guadardo*, 40 F.3d

102 (5th Cir. 1994). Comparing these offenses to the crime at issue, the court reasoned as follows:

> Just as burglary of a vehicle involves a substantial risk that property might be damaged or destroyed in the commission of the offense, the unauthorized use of a vehicle likewise carries a substantial risk that the vehicle might be broken into, 'stripped,' or vandalized, or that it might become involved in an accident, resulting not only in damage to the vehicle and other property, but in personal injuries to innocent victims as well.

*United States v. Galvan-Rodriguez*, *supra*, at 219. The court therefore held that the Texas offense of unauthorized use of a motor vehicle qualifies as a crime of violence under 18 U.S.C. § 16(b).

Although *Galvan-Rodriguez* interpreted § 16(b) in the context of the Sentencing Guidelines, the court's holding in that case is controlling in determining the scope of § 16(b) as referenced in the immigration laws at section 101(a)(43)(F) of the Act. *See United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir. 2001) (rejecting different interpretations of the same statutory provision in immigration and criminal cases).

The respondent's argument that *Galvan-Rodriguez* has been overruled by *United States v. Charles*, 301 F.3d 309 (5th Cir. 2002), is mistaken. The court in *Charles* addressed whether simple automobile theft is a crime of violence under the Sentencing Guidelines at U.S.S.G. § 4B1.2(a)(2). *See* 18 U.S.C.A. ch. 4, § 4B1.2(a)(2) (West Supp. 2005). Unlike the Sentencing Guidelines provision considered in *Galvan-Rodriguez*, § 4B1.2(a)(2) did not refer to the definition of a crime of violence in 18 U.S.C. § 16. Rather, it referred, in relevant part, to an offense that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The court in *Charles* pointed out a number of differences between the requirements of § 4B1.2(a)(2) and those of 18 U.S.C. § 16(b). Notably, "section 16(b) applies to the use of force against person and *property*, whereas § 4B1.2(a)(2) only applies to conduct that presents a serious potential risk of physical injury to another *person*." *United States v. Charles*, *supra*, at 311-12. Moreover, § 16(b) focuses on the nature of the offense, whereas § 4B1.2(a)(2) focuses on conduct. *Id.* at 312. The court in *Charles* concluded that "we limit our holding in *United States v. Galvan-Rodriguez*, to its property aspects and to § 16 cases." *Id.* at 314 (citation omitted); s*ee also United States v. Lee*, 310 F.3d 787, 790 (5th Cir. 2002) (noting that the *Galvan-Rodriquez* holding is limited to 18 U.S.C. § 16(b) cases). This modification of the scope of the holding in *Galvan-Rodriguez* does not affect its force as controlling precedent as applied to the respondent's conviction.

While the appeal in this case was pending, the United States Supreme Court issued a decision addressing the meaning of the term "crime of violence" in 18 U.S.C. § 16. *Leocal v. Ashcroft*, 125 S. Ct. 377 (2004). In *Leocal*, the Court found that driving under the influence of alcohol ("DUI") and causing

serious bodily injury in violation of a Florida statute was not a "crime of violence." In so holding, the Court found that the reference to "use of force" in 18 U.S.C. § 16 requires "a higher degree of intent than negligent or merely accidental conduct." *Id*. at 382. The Court concluded that the reference to "use of force" in both § 16(a) and § 16(b) must be given "an identical construction, requiring a higher *mens rea* than the merely accidental or negligent conduct involved in a DUI offense." *Id*. at 383.

Although some of the discussion in *United States v. Galvan-Rodriguez, supra*, at 219, regarding the "substantial risk of use of force" refers to risks associated with accidental or negligent conduct,[1] other aspects of the court's analysis refer to risks related to intentional, deliberate, or at least reckless use of force, e.g., the risk that "the vehicle might be broken into, 'stripped,' or vandalized." In a recent district court decision, the court found that the Fifth Circuit's holding in *Galvan-Rodriquez*, i.e., that a conviction under the Texas statute prohibiting "unauthorized use of a motor vehicle" is a crime of violence under § 16(b), remains binding after *Leocal v. Ashcroft. Ramirez v. Ashcroft*, 361 F. Supp. 2d 650 (S.D. Texas 2005). Putting aside those aspects of the analysis in *Galvan-Rodriguez* that might be called into question by *Leocal*, the court in *Ramirez* found that the nature of the offense was such that it involved a substantial risk that force would be used to cause property damage during the commission of the offense. The court reasoned:

> An unauthorized driver is likely to use physical force to gain access to a vehicle and to drive it. This is a sufficient risk of the use of physical force in the course of committing the offense to find, after *Leocal*, that unauthorized use of a motor vehicle is a "crime of violence" under section 16(b).

*Id.* at 656. The district court therefore concluded that "*Galvan-Rodriguez* appears to remain good law after *Leocal* and as such is binding on this court." *Id.* We, too, find that *Galvan-Rodriquez* remains controlling law in cases arising in the Fifth Circuit, and that the Immigration Judge correctly applied its holding to the facts in this case. Accordingly, we conclude that the respondent's offense was a crime of violence and that he is therefore removable as an alien convicted of an aggravated felony.

## IV. COMPARABLE GROUND OF INADMISSIBILITY FOR SECTION 212(c)

The second issue on appeal is whether the Immigration Judge correctly determined that the respondent is ineligible for a waiver of inadmissibility under former section 212(c) of the Act for lack of a comparable ground of

---

[1] For example, *United States v. Galvan-Rodriguez, supra,* at 219, refers, in part, to the risk that vehicles taken for unauthorized use may become involved in accidents resulting in property damage or injury to innocent victims.

inadmissibility in section 212(a) of the Act, 8 U.S.C. § 1182(a) (2000). Section 212(c) provides a discretionary waiver for "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." A section 212(c) waiver is available in deportation proceedings for nondeparting permanent resident aliens to waive a deportation ground for which there is a comparable ground of inadmissibility. *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991); *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984).

The United States Supreme Court recently held that the section 212(c) waiver, although repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, remains available in removal proceedings "for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *INS v. St. Cyr*, 533 U.S. 289, 290 (2001). The Court in *St. Cyr* did not address the issue of comparable grounds.[2] Recently enacted regulations, however, make clear that the statutory counterpart requirement for section 212(c) eligibility applies to respondents in removal proceedings who seek a waiver under the holding in *St. Cyr*. *See* Executive Office for Immigration Review; Section 212(c) Relief for Aliens with Certain Criminal Convictions Before April 1, 1997, 69 Fed. Reg. 57,826, (Sept. 28, 2004) (to be codified at 8 C.F.R. § 1212.3(f)(5)); *see also Matter of Blake*, 23 I&N Dec. 722 (BIA 2005) (applying the regulation to find no comparable ground of inadmissibility in section 212(a) for a conviction for "sexual abuse of a minor" under section 101(a)(43)(A) of the aggravated felony definition).[3]

In *Matter of Blake, supra*, after reviewing our precedent decisions on the question of comparable grounds, we concluded that "whether a ground of deportation or removal has a statutory counterpart in the provisions for exclusion or inadmissibility turns on whether Congress has employed similar language to describe substantially equivalent categories of offenses." *Id*. at 728. In *Blake*, we found the mere overlap between "sexual abuse of a minor" and some crimes involving moral turpitude insufficient to demonstrate that the provisions were statutory counterparts.

---

[2] The cases before the Court in *St. Cyr* involved convictions for aggravated felony drug offenses, a category of offenses recognized as comparable to the section 212(a) ground of inadmissibility for drug trafficking offenses. *Matter of Meza*, 20 I&N Dec. 257 (BIA 1991).

[3] As we observed in *Matter of Blake, supra*, at 726-27, the Supplementary Information to the final rule includes a commenter's reference to "Murder, Rape, or Sexual Abuse of a Minor," as well as "Crime of Violence," as aggravated felony categories that would have no comparable ground of inadmissibility. *See* 69 Fed. Reg. at 57,831-32.

In making the comparison in this case, the relevant question is whether the "crime of violence" aggravated felony ground, as defined in section 101(a)(43)(F) of the Act, is substantially equivalent to a ground of inadmissibility in section 212(a) of the Act.[4]  As employed in section 101(a)(43)(F), the term "crime of violence" means

> (a) an offense that has as an element the use, attempted use or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Some of the most common crimes falling within the definition of a "crime of violence" do not necessarily involve moral turpitude.  For example, the "crime of violence" definition encompasses offenses such as burglary or breaking and entering, which involve entry into a building by means of physical force.  Such offenses, however, would not generally be considered crimes of moral turpitude unless accompanied by the intent to commit a morally turpitudinous crime, such as larceny, after entering the building. *See, e.g.*, *Matter of M-*, 2 I&N Dec. 721, 723 (BIA, A.G. 1946).  Similarly, simple assault offenses involving the infliction of physical injury do not, in the absence of aggravating factors, involve moral turpitude. *Matter of Fualaau*, 21 I&N Dec. 475 (BIA 1996).  They may, however, constitute crimes of violence. *Matter of Martin*, 23 I&N Dec. 491 (BIA 2002).

The respondent's unauthorized use of a motor vehicle, although an aggravated felony crime of violence, is not generally considered a crime involving moral turpitude.  In *Ramirez v. Ashcroft*, *supra*, the court found that unauthorized use of a motor vehicle is not a crime involving moral turpitude, reasoning as follows:

> Unauthorized use of a motor vehicle can encompass acts such as using a vehicle in a manner that exceeds the scope of the owner's consent.  Although the substantial risk that violence against property may be used in the commission of the offense justifies classifying the offense as an aggravated felony, as that statutory term has been defined in this circuit, the moral turpitude analysis is not based on a substantial likelihood that base, violent, or depraved acts will occur.  Rather, if a statute can be violated by both acts that do and do not involve moral turpitude, the crime does not involve moral turpitude for the purpose of the Immigration Act.

---

[4]  The respondent argues that his crime is a "theft offense" for purposes of comparing the moral turpitude ground of inadmissibility.  However, the respondent has not been charged with an aggravated felony "theft offense."  The comparable ground test for section 212(c) requires that the offense charged, i.e., "crime of violence," have an analogous ground of inadmissibility.  Whether the respondent could be found inadmissible for a "theft offense" amounting to a crime of moral turpitude is not relevant to the critical question whether the "crime of violence" removal ground has a comparable ground of inadmissibility.

*Ramirez v. Ashcroft, supra,* at 658 (citations omitted); *see also Matter of M-,* 2 I&N Dec. 686, 687 (C.O.; BIA 1946) (finding that joyriding is not a crime involving moral turpitude); *Matter of D-,* 1 I&N Dec. 143 (BIA 1941) (finding that driving an automobile without the consent of the owner is not a crime involving moral turpitude).

Although there need not be perfect symmetry in order to find that a ground of removal has a statutory counterpart in section 212(a), there must be a closer match than that exhibited by the incidental overlap between section 101(a)(43)(F) (crime of violence) and section 212(a)(2)(A)(i)(I) (crime involving moral turpitude). The distinctly different terminology used to describe the two categories of offenses and the significant variance in the types of offenses covered by these two provisions lead us to conclude that they are not "statutory counterparts" for purposes of section 212(c) eligibility. We therefore agree with the Immigration Judge that the respondent is ineligible for a section 212(c) waiver. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The respondent's appeal is dismissed.