**Imran ESKI, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75545.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2007 *.

Filed Feb. 13, 2008.

---

Glen A. Prior, Esq., Pacific Law Inc., PS Trans Pacific Trade Ctr., Fife, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, William C. Peachey, Ethan B. Kanter, Esq., U.S. De-

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

partment of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

BEFORE: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,** District Judge.

MEMORANDUM ***

Petitioner Imran Eski petitions for review of a final order of removal entered by the Board of Immigration Appeals (BIA) on August 26, 2005. Eski is a native and citizen of Turkey who was admitted to the United States on December 26, 1990, and became a lawful permanent resident on October 16, 1991. On October 30, 1995, Eski pleaded guilty to second-degree assault in violation of Wash. Rev.Code § 9A.36.021(1)(C) and was sentenced to 21 months' imprisonment. Eski was placed into removal proceedings in 2003 pursuant to Immigration and Nationality Act (INA) § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and pursuant to INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i), as an alien convicted of a crime involving moral turpitude committed within five years of the date of his admission. Eski initially conceded removability and applied for discretionary relief from removal under former INA § 212(c).[1] At the § 212(c) hearing, the immigration judge (IJ) allowed the government to introduce evidence of pending theft charges against Eski. The IJ ultimately determined that the adverse factors outweighed the positive factors and denied relief from removal.

In his appeal to the BIA, Eski asserted that he no longer conceded removability, contending that under *United States v. Ubaldo–Figueroa*, 364 F.3d 1042 (9th Cir. 2004), his case should be dismissed on due process grounds because at the time that he pleaded guilty to the assault charge it was not an aggravated felony. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) § 321(a)(3) expanded the definition of "aggravated felony" to include a crime of violence resulting in a prison sentence of at least one year (as opposed to the pre-IIRIRA requirement of a five-year sentence). INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). If his constitutional argument prevailed, he argued, removability based on the aggravated assault charge could not be sustained and he would be eligible for cancellation of removal on the charge of committing a crime of moral turpitude. Eski also challenged the IJ's failure to continue the hearing on his § 212(c) application, as well as the IJ's determination that the negative factors outweighed the positive factors supporting a § 212(c) waiver.

The BIA affirmed the IJ's decision, agreeing that Eski's assault conviction rendered him removable as an alien convicted of a crime involving moral turpitude and a "crime of violence" aggravated felony. The BIA held that *Ubaldo–Figueroa* did

---

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Eski was permitted to apply for relief under former INA § 212(c) because he pleaded guilty to the second-degree assault offense prior to the effective date of the repeal of former INA § 212(c). 8 C.F.R. 1212.3(h)(1); *see also INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

not support Eski's due process argument and that the IJ therefore did not commit reversible error in relying upon the aggravated felony conviction in finding Eski removable. It also held that Eski was statutorily ineligible for the § 212(c) waiver of deportability because "the aggravated felony ground of removal ... has no statutory counterpart in the grounds of inadmissibility" under INA § 212(a), 8 U.S.C. 1182(a). Even assuming eligibility for § 212(c) relief, the BIA found that the IJ did not err in denying such relief as a matter of discretion.

In his petition for review of the BIA's order, Eski argues that, under *Ubaldo–Figueroa,* he is not removable because the IJ and the BIA violated his due process rights by retroactively applying IIRIRA § 321(a)(3) to find him removable for having committed an aggravated felony. Eski also contends that the BIA erred in holding that he was statutorily ineligible for § 212(c) relief from removal based on the lack of a statutory counterpart in § 212(a) for his aggravated felony conviction, pointing out that if he remains removable for having committed a crime involving moral turpitude, he is still eligible for relief under § 212(c). Finally, Eski argues that the IJ should have granted a continuance for the resolution of the pending criminal charges against him, and that the IJ essentially tried those criminal charges in his § 212(c) hearing in violation of his due process rights.

## I. JURISDICTION

We have jurisdiction to review a removal order based on an alien's commission of a criminal offense, and we may review discretionary decisions (such as the denial of § 212(c) relief) as well, so long as the petition for review raises "constitutional claims or questions of law." INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D);

*Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005), *as adopted by Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1124 (9th Cir.2006) (en banc). All of Eski's challenges to the BIA's order raise constitutional or legal questions.

The government contends that Eski failed to exhaust his challenge to removal. It argues that he conceded removability and sought to withdraw that concession before the BIA only on the aggravated felony ground. Eski's brief to the BIA, however, does not limit his withdrawal to the aggravated felony ground, stating broadly that he "no longer concedes removability." That he did not intend to concede removability as to the moral turpitude ground is confirmed by his assertion that if his constitutional arguments prevailed, he would be eligible for cancellation of removal on the charge of committing a crime involving moral turpitude. In his brief to this court, Eski states that "he no longer concedes removability," and that he "remains eligible to apply for 212(c) relief because a crime of moral turpitude is both a ground of removal and a ground of inadmissibility." We conclude that Eski has exhausted the issues raised in his petition.

## II. REMOVABILITY

■ Eski challenges his removability, citing *Ubaldo–Figueroa* to argue that it would violate due process to find him removable based on the commission of an aggravated felony when his offense was not defined as an aggravated felony until after he had pleaded guilty to the offense. As the BIA correctly noted, however, *Ubaldo–Figueroa* does not support Eski's due process claim; Eski's argument is based on the concurring opinion, which is not the law of this circuit. In addition, we have specifically upheld the retroactive application of IIRIRA § 321 as consistent with due process. *Cordes v. Gonzales,* 421

F.3d 889, 895–96 (9th Cir.2005); *see also Aragon–Ayon v. INS*, 206 F.3d 847, 851–53 (9th Cir.2000). Even if Eski's argument were meritorious, he remains removable as an alien convicted of a crime involving moral turpitude committed within five years of the date of his admission, pursuant to INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i).

### III. ELIGIBILITY FOR § 212(c) RELIEF

■ Eski also challenges the BIA's determination that he is statutorily ineligible for relief under former INA § 212(c). To be eligible for § 212(c) relief, the ground of removability charged must have a "substantially identical" ground of inadmissibility under INA § 212(a), 8 U.S.C. § 1182(a). 8 C.F.R. § 1212.3(f)(5); *Komarenko v. INS*, 35 F.3d 432, 435 (9th Cir.1994). The BIA correctly concluded that Eski's conviction for a crime of violence aggravated felony lacks a substantially equivalent ground of inadmissibility in § 212(a). *See In re Brieva–Perez*, 23 I. & N. Dec. 766, 772–73 (BIA 2005). That ground of removability therefore cannot be waived under § 212(c).

It makes no difference whether the moral turpitude ground of removability may have a "substantially identical" counterpart in § 212(a); Eski remains removable for the aggravated felony conviction, and a § 212(c) waiver of the moral turpitude ground of removability would have no effect on the aggravated felony ground.

### IV. DUE PROCESS

Because the BIA did not err in finding that Eski is ineligible for a waiver of removal as an aggravated felon, we do not

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

address his argument that his § 212(c) hearing violated his due process rights.

### V. CONCLUSION

The petition is denied.