RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0228p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

VAN DON NGUYEN,

                      *Petitioner,*

        *v.*

ERIC H. HOLDER, JR., Attorney General,

                      *Respondent.*

No. 08-3579

On Appeal from the Board of Immigration Appeals.
No. A21 430 092.

Submitted: May 1, 2009

Decided and Filed: July 2, 2009

Before: MERRITT, GRIFFIN, and KETHLEDGE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Ronald E. Kaplovitz, KAPLOVITZ & ASSOCIATES, P.C., Sylvan Lake, Michigan, for Petitioner. M. Jocelyn Lopez Wright, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

      MERRITT, J., delivered the opinion of the court, in which KETHLEDGE, J., joined. GRIFFIN, J. (p. 12), delivered a separate opinion concurring in the judgment.

_____

**OPINION**

_____

      MERRITT, Circuit Judge. Petitioner Van Don Nguyen,[1] a permanent resident, petitions this Court for review of a final order of removal entered by the Board of Immigration Appeals on April 18, 2008.[2] This appeal raises the issue of whether the

_____

[1]Petitioner is also known as Don Van Nguyen.

[2]Petitioner was granted a Stay of Removal by a panel of this Court on June 17, 2008.

unauthorized use of an automobile constitutes a "crime of violence" under 18 U.S.C. § 16(b).  At least two Circuits have rendered conflicting opinions on this question. *Compare United States v. Galvan-Rodriguez*, 169 F.3d 217 (5th Cir. 1999) (based on Texas statute concerning unauthorized use of a vehicle) *with United States v. Sanchez-Garcia*, 501 F.3d 1208 (10th Cir. 2007) (based on unlawful use of means of transportation under Arizona statute).[3] The Board of Immigration Appeals followed the reasoning of the Fifth Circuit and found that Nguyen's 1990 conviction for auto theft under California law was a "crime of violence" rendering him subject to removal.

Under the Immigration and Nationality Act, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."   8 U.S.C. § 1227(a)(2)(A)(iii).  The list of offenses that constitute "aggravated felonies" includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(F).

The definition of the phrase "crime of violence" in 18 U.S.C. § 16(b) is incorporated by reference throughout federal criminal and immigration laws.  For example, prior convictions for a "crime of violence" support substantial enhancements under the Federal Sentencing Guidelines and, as in this case, a permanent resident with a conviction found to be a "crime of violence" is subject to removal regardless of the age of the conviction.  Unauthorized use of a vehicle is criminalized by most states using language similar to that found in the California statute at issue here.  Generally, the state statutes do not include elements of force against a person, a crime more likely to be characterized as a "carjacking" or robbery.

For the reasons that follow, we hold that the theft of an automobile under the California grand theft statute is not a "crime of violence" under 18 U.S.C. § 16(b).  The most succinct reason for our conclusion is that the statute in question regarding the

---

[3]A Petition for Writ of Certiorari has been filed with the United States Supreme Court citing the conflict between the Fifth and Tenth Circuits on this issue. *Serna-Guerra v. Holder*, No. 08-983, 2009 WL 255608 (U.S. Feb. 2, 2009).

"crime of violence," as well as the California auto theft statute, is ambiguous and our decision must take into account the "rule of lenity." Under the ancient rule of lenity, any doubt about this conclusion must be resolved in favor of the defendant, or in this case, the petitioner who is subject to deportation pursuant to an ambiguous criminal statute. *See United States v. Santos*, ___ U.S. ___, 128 S. Ct. 2020, 2025 (2008)(plurality); *United States v. Bass*, 404 U.S. 336, 347-49 (1971); *United States v. Ford*, 560 F.3d 420, 425 (6th Cir. 2009) (applying the "rule of lenity" to a previous conviction for a "walkaway" escape because it is not unambiguously a "crime of violence" and therefore cannot serve as the basis for career offender status). Justice Scalia recently explained in *Santos* that the rule of lenity prevents courts from having to "read the mind" of Congress and is a "venerable" requirement that the federal courts have applied for two centuries when interpreting ambiguous criminal statutes. When a criminal statute is ambiguous as to its intent, the "tie" goes to the defendant. Because we cannot find that auto theft is "unambiguously" a crime of violence under Section 16(b), we should follow the ancient rule and overrule the administrative agency in this case.

## I.

## FACTS AND PRIOR PROCEEDINGS

Petitioner is a native and citizen of Vietnam who came to the United States in 1975 as a teenager. He currently lives in Michigan, is married to a permanent resident, and his children are United States citizens. Nguyen was charged in a four-count criminal information in March 1990. The counts involved possession of a controlled substance, auto theft and two other counts that were subsequently dismissed. Nguyen was convicted of the cocaine possession charge and auto theft charge. He was sentenced to a three-year suspended sentence on the auto theft charge and three years probation on the drug charge and served less than one year in the county jail. Nguyen does not dispute that the auto theft conviction is considered an "aggravated felony" under 8 U.S.C. § 1101(a)(4)(F) of the Immigration and Nationality Act based on the fact that the conviction subjected him to more than one year in prison, even though he served less

than one year of jail time.[4]  Nguyen continued to reside in the United States without further criminal involvement and he owns his own nail and salon business.

Nguyen was placed in removal proceedings in 1996 after he applied for citizenship and his drug conviction, which he had not disclosed on his application, came to the attention of the Immigration and Naturalization Service (now the Department of Homeland Security).  After Congress once again amended the immigration statute's definition of "aggravated felony" to include convictions for theft offenses for which the term of imprisonment was at least one year, the Immigration and Naturalization Service also charged Nguyen with deportability based  on the auto theft conviction as well.

Nguyen sought a discretionary waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed in 1996), as relief from deportation.  Former Section 212(c) authorized a permanent resident alien with a lawful unrelinquished domicile of seven consecutive years to apply for discretionary relief from deportation. *Immig. and Natural. Serv. v. St. Cyr*, 533 U.S. 289 (2001) (repeal of Section 212(c) should not be construed to apply to an alien convicted of an "aggravated felony" through a plea agreement if at the time of the plea agreement the conviction would not have rendered the alien ineligible for discretionary relief from removal under Section 212(c)).  After many amendments in the early and mid-1990s, Congress replaced discretionary relief under Section 212(c) with another form of discretionary relief known as "cancellation of removal."  Like Section 212(c), the new law precludes discretionary relief for an alien who has been convicted of an "aggravated felony."

After an evidentiary hearing in August 1998, an immigration judge found Nguyen deportable on all grounds and ineligible for relief from deportation, and ordered him removed to Vietnam.  Immigration Judge's Decision, dated August 5, 1998 (J.A. at

---

[4]When Nguyen was convicted in 1990, the definition of "aggravated felony" for purposes of the immigration laws included only theft offenses for which the term of imprisonment was at least five years and therefore did not include Nguyen's 1990 conviction for auto theft.  The law was changed in 1996 to, among other things, include crimes where the term of imprisonment is "at least one year."  8 U.S.C. § 1101(a)(43)(F) (1996).  The changes were also made explicitly retroactive.

420-26). In August 2002, the Board of Immigration Appeals sustained the finding of deportability but remanded to the immigration judge to afford Nguyen the opportunity to apply for discretionary relief in light of the Supreme Court's *St. Cyr* decision in 2001. Board of Immigration Appeals Decision, dated Aug. 9, 2002 (J.A. at 418-19).

On remand, Nguyen reapplied for a Section 212(c) waiver allowing discretionary relief from removal, and eight hearings were held between 2003 and 2006. In September 2004, the Department of Justice published a final rule codifying the requirements for Section 212(c) relief in light of the Antiterrorism and Effective Death Penalty Act of 1996, the Illegal Immigration Reform and Immigration Responsibility Act of 1996 and the Supreme Court's 2001 decision in *St. Cyr*. The rule went into effect immediately and renders an alien ineligible for Section 212(c) relief if the alien is deportable on a ground which does not have a statutory counterpart in Section 212 of the Immigration and Nationality Act. 8 C.F.R. § 1212.3(f)(5).[5] In that same time frame, the Board of Immigration Appeals issued two decisions holding that, after *St. Cyr*, an alien is eligible for Section 212(c) relief only if there is a "comparable ground" of inadmissibility under Section 212(a) of the Immigration and Nationality Act. *See In re Blake*, 23 I & N Dec. 722 (Apr. 6, 2005) (relief unavailable because the aggravated felony conviction of sexual abuse of a minor that formed the basis for deportability had no statutory counterpart in the grounds of inadmissibility under Section 212(c)); *In re Brieva*, 23 I & N Dec. 766 (June 7, 2005) (Texas conviction for unauthorized use of a motor vehicle is a "crime of violence" and therefore an "aggravated felony" that had no statutory counterpart in the grounds of inadmissibility under Section 212(c)).

On July 12, 2006, the immigration judge, relying on *In re Brieva*, sustained the charges that Nguyen's auto theft conviction is an "aggravated felony" under two grounds: first, because it is a theft offense with a term of imprisonment of over one year and second, because it is a crime of violence. (J.A. at 15) The immigration judge found Nguyen ineligible for discretionary relief because there is no comparable ground of

[5]Because the government concedes that Nguyen would be eligible for a waiver of the drug conviction as there is a comparable ground under 8 U.S.C. § 1182(a)(2)(A); § 212(a)(2)(A), that issue is neither raised nor discussed by the parties in their brief and we will not address it in this opinion.

removability for his conviction for a crime of violence. Immigration Judge Decision, dated July 12, 2006 (J.A. at 19). The Board of Immigration Appeals affirmed the July 12, 2006, decision of the immigration judge, finding that Nguyen's conviction for auto theft under California law constituted a crime of violence in violation of 18 U.S.C. § 16 and Nguyen was not otherwise subject to relief from removal pursuant to Section 212(c) of the Immigration and Nationality Act, formerly 8 U.S.C. § 1182(c).[6] In holding that the grand theft auto conviction was a "crime of violence," the Board found that in the course of committing the offense, there is a "substantial risk" that the perpetrator will have to use physical force against the victim's property to gain entry to the car or to overcome security features. *Id.*

## II.

We review *de novo* the legal question of whether a prior offense constitutes a "crime of violence" under 18 U.S.C. § 16(b) and is, therefore, an "aggravated felony" subjecting an alien to deportation.

Whether a state conviction constitutes a crime of violence under 18 U.S.C. § 16 has been the subject of much litigation. As defined by 18 U.S.C. § 16, a crime of violence is:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[6]As an alternative basis for relief, Nguyen contends that even if we find that auto theft is a "crime of violence" under 18 U.S.C. § 16(b), he is entitled to discretionary relief under Section 212(c) of the Immigration and Nationality Act. Because we hold that grand theft auto under California law is not a "crime of violence," we pretermit Nguyen's alternate grounds for relief at this time.

Section 487 of the California Penal Code,[7] which was in effect at the time of Nguyen's conviction in 1990, defines grand theft simply as the "taking" of property above a certain value from another. The statute includes all manner of personal property, such as agricultural products, livestock and, as was the case herein, an automobile. Under California law, the elements of auto theft are not explicitly set out in the statute, but California case law has identified them as follows: any person who (1) takes possession; (2) of an automobile; (3) owned or possessed by another; (4) by means of trespass and (5) with intent to permanently deprive the owner of such property; and (6) carries the automobile away. *See, e.g., People v. Davis*, 965 P.2d 1165, 1167 (Cal. 1998). The use of physical force to take the property is not an element of the offense. Under the language of Section 16(b), the question then becomes whether "taking" an automobile "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing [the theft]." 18 U.S.C. § 16 (b).

To answer the question, we start with the plain language of 16(b), which "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing the offense." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004) (an alien's conviction for driving under the influence of alcohol and causing

---

[7]The California grand theft auto statute is now codified at section 487(d)(1) of the California Penal Code and is very similar to the statute that was in effect at the time of Nguyen's conviction in 1990, which read as follows:

§ 487. Grand theft defined.

Grand theft is committed in any of the following cases:
1. When the money, labor or real or personal property taken is of a value exceeding four hundred dollars ($400); provided that, when domestic fowls, avocados, olives, citrus or deciduous fruits, other fruits vegetables, nuts, artichokes, or other farm crops are taken of a value exceeding one hundred dollars ($100); provided, further, that when fish, shellfish, mollusks, crustaceans, kelp, algae, or other aquacultural products are taken from a commercial or research operation which is producing money, labor, real or personal property taken is taken by a servant, agent or employee from his principal or employer and aggregates four hundred dollars ($400) or more in any 12 consecutive month period, then the same shall constitute grand theft.
. . .
2. When the property is taken from the person of another.
3. When the property taken is an automobile, firearm, horse, mare, gelding, any bovine animal, any caprine animal, mule, jack, jenny, sheep, lamb, hog, sow, boar, gilt, barrow or pig.

California Penal Code § 487 (1989).

serious bodily injury in an accident in violation of Florida law did not constitute a "crime of violence" and, on that basis, was not an aggravated felony that warranted deportation). After examining the language in Section 16(a), the Court turned to look at the plain text of § 16(b). The Court observed that this provision defines a crime of violence to include any offense that is a felony and, in contrast to subsection (a) which requires that force be an element of the offense, that by its nature, involves a "substantial risk" that physical force against the person or property of another may be used in the course of committing the offense. The Court noted, however, that the provision covers offenses that "naturally" involve a person acting in disregard of the risk that physical force might be used against another in committing an offense. The Court emphasized that the "reckless disregard" in § 16(b) relates not to the general conduct or to the possibility that harm will result from a person's conduct but to the risk that the use of physical force against another might be required in committing the crime.

Interpreting *Leocal*, the Board previously ruled that the offense of unauthorized use of a motor vehicle in violation of Texas law is a crime of violence under 18 U.S.C. § 16(b). *In re Brieva,* 23 I. & N. Dec. 766 (June 7, 2005). The Board noted that the government had met its burden of demonstrating that the alien's offense was an aggravated felony "crime of violence" under controlling circuit court precedent, and in this connection the Board cited *United States v. Galvan-Rodriguez*, 169 F.3d 217 (5th Cir. 1999). Discussing the impact of *Leocal*, the Board found that the Fifth Circuit's holding in *Galvan-Rodriguez* remains binding after *Leocal*. The Board found that the nature of the offense of unauthorized use of a motor vehicle was such that it involved a substantial risk that force would be used to cause property damage during the commission of the offense because an unauthorized driver is likely to use physical force to gain access to a vehicle and to drive it and that this is a sufficient risk of the use of physical force to be a "crime of violence" under § 16(b).

The Supreme Court's recent decisions in *Begay v. United States*, 128 S. Ct. 1581 (2008) (DUI did not constitute a violent felony under the Armed Career Criminal Act because breaking such laws do not typically involve "purposeful, violent and aggressive

conduct") and *Chambers v. United States*, 129 S. Ct. 687 (2009), are contrary to the Board's decision in this case.  In determining whether a prior offense is a "crime of violence" under § 16(b), the court must "consider the offense generically, that is to say, . . . examine in it in terms of how the law defines the offense, not in terms of how the individual offender might have committed it on a particular occasion."  *Begay*, 128 S. Ct. at 1584; *see also Leocal*, 543 U.S. at 7 (the language of § 16(b) "requires us to look at the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime"); *United States v. Meyer*, 803 F.2d 246 (6th Cir. 1986) (attempted sale of cocaine not "by its nature" a "crime of violence" under Section 16(b)).

Applying these principles to determine if California's grand theft law can constitute a "crime of violence" for purposes of Section 16(b),  we note that the statutory elements make no mention of violent conduct and, indeed, encompass inherently nonviolent conduct.  The focus is on the dollar amount of the property taken – not whether force was used to take it.  The government argues that the crime carries a "substantial risk" that the vehicle might be damaged or vandalized during the taking. While we agree that there is *some* chance that violent force may be used against an automobile to gain entry or that the car might be damaged or vandalized during the theft, we cannot see that the risk is "substantial."  The California statute encompasses theft of a broad range of items, many of which, such as agricultural products, carry almost *no risk* of violence being done during the theft.  The proper inquiry is one that contemplates the risk associated with the proscribed conduct in the mainstream of prosecutions brought under the statute.  *See James v. United States*, 550 U.S. 192 (2007) (in determining whether attempted burglary falls within the Armed Career Criminal Act, the Court stated "the proper inquiry is whether the conduct encompassed by the elements of the offense, *in the ordinary case*, presents a serious potential risk of injury to another") (emphasis added); *Leocal*, 543 U.S. at 10 n.7 ("The 'substantial risk' in § 16(b) relates to the use of force, not to the possible effect of a person's conduct.")

The "ordinary meaning" of the term "crime of violence" and the legislative history of Section 16(b) suggest a category of violent, active crimes. *Leocal*, 543 U.S. at 11. Logic and common sense dictate that Congress did not intend to punish a person who merely takes an unoccupied car in the same manner it would punish a convicted murderer, rapist, robber or others who take property by force against a person. *Sanchez-Garcia*, 501 F.3d at 1214. The government's analogies to entering homes to commit burglary are not similar to the taking of an unoccupied car. There is always the possibility that the owner may return and a confrontation may ensue. With a car, the car is generally driven away and the owner returns to an empty parking spot. Should a perpetrator approach an occupied vehicle with the intent to take it by force, the charge will rarely be auto theft – it will almost certainly be carjacking or robbery or another much more serious charge. *See United States v. Williams*, 537 F.3d 969, 974 (8th Cir. 2008) (in remanding to district court to determine whether Missouri conviction for auto theft was a "crime of violence," court noted that auto theft presents far lesser possibility of confrontation than burglary of a building). Nor has the government provided any basis for us to conclude that the subject offense naturally involves a substantial risk that violent or destructive force would be used against the property of another.

The elements of the offense of auto theft, and the general understanding of the nature of the offense, do not entail a meaningful risk that physical force will be used in committing the offense. The Supreme Court's decision in *Leocal* repudiated any conclusion that an unsubstantiated risk of physical force in some small subset of cases is sufficient to classify the offense as a "crime of violence." Interpreting § 16(b) would "blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes." 543 U.S. at 11. A look at the categories of items listed in the California grand theft statute makes clear that the statute is aimed at punishing the theft of items above a certain dollar value – not because their taking involves violence or force.

For the foregoing reasons, we hold that auto theft, as defined in the California Penal Code § 487 (1989), is not a "crime of violence" under 18 U.S.C. § 16(b) and

cannot serve as an "aggravated felony" warranting deportation of a permanent resident alien.   We remand to the Board of Immigration Appeals for further proceedings consistent with this opinion.

---

## CONCURRING IN THE JUDGMENT

---

GRIFFIN, Circuit Judge, concurring in the judgment. I concur in the judgment, but do not join the majority opinion because I disagree with its obiter dicta.

The question presented in this petition for review is whether petitioner's California state conviction for "grand theft,"[1] California Penal Code § 487 (1989), qualifies as a "crime of violence" and thus an "aggravated felony" for purposes of 18 U.S.C. § 16(b).

Because the government does not claim that petitioner's conviction qualifies as a crime of violence under 18 U.S.C. § 16(a), the majority's analysis of the elements of the offense is misplaced. Similarly, the majority's focus strays in its discussion of the "rule of lenity" and crimes by a "murderer, rapist, robber or others who take property by force against a person."

The dispositive inquiry does not pertain to the elements of the offense or risks of physical force to a *person*, but whether the conviction for grand theft "by its nature, involves a substantial risk that physical force against the . . . property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). I agree with petitioner that California grand theft does not involve, in its ordinary or natural sense, a "substantial risk" that physical force may be used against property. *See Leocal v. Ashcroft*, 543 U.S. 1, 8-11 (2004).

For this reason, I concur in the judgment.

---

[1] The majority refers confusingly to this conviction in the various terms of "unauthorized use of an automobile"; "theft of an automobile"; "auto theft"; and "grand theft."