[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11783
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2010
JOHN LEY
CLERK

Agency No. A036-475-234

LEON DE NOBREGA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 22, 2010)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Leon De Nobrega, a citizen of Guyana and permanent resident of the United

States, petitions for review of the Board of Immigration Appeals's ("BIA") decision, which affirmed the Immigration Judge's ("IJ") final order of removal and denied De Nobrega's application for a waiver of removal under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c). De Nobrega argues that the BIA violated his right to due process by applying its decisions in *Matter of Blake*, 23 I & N. Dec. 722 (BIA 2005), and *Matter of Brieva-Perez*, 23 I & N Dec. 766 (BIA 2005) retroactively to his case. De Nobrega also contends that the BIA erred when it concluded that his ground of deportation did not have a statutory counterpart in the grounds of inadmissibility. The government responds that we lack jurisdiction over De Nobrega's petition because he was found to be removable based on a conviction for an aggravated felony, and his petition does not raise any colorable constitutional claims or questions of law. For the reasons stated below, we conclude that we have jurisdiction, but we deny the petition for review on the merits.

## I.

In 2004, the Department of Homeland Security issued a Notice to Appear to Nobrega, charging that he was removable from the United States because he had been convicted of an aggravated felony crime of violence and a crime involving moral turpitude. Specifically, the notice alleged that, on June 26, 1984, De

2

Nobrega was convicted in Bronx County, New York, of the offense of murder in the second degree, in violation of New York Penal Law § 125.25. De Nobrega admitted the allegations in the Notice to Appear, conceded removability, and requested a waiver of removal under former INA § 212(c). The IJ denied De Nobrega's application for § 212(c) relief based on *Matter of Brieva-Perez*, which held that an alien found to be removable based on an aggravated felony conviction for a crime of violence may not apply for § 212(c) relief because that ground of deportation does not have a statutory counterpart in any of the grounds of inadmissibility under INA § 212(a).

De Nobrega appealed to the BIA, but the BIA dismissed his appeal. The BIA observed that the statutory counterpart test applied in *Matter of Brieva-Perez* was based on well-settled precedent that predated De Nobrega's 1984 guilty plea. Therefore, the BIA concluded that applying the statutory counterpart test to De Nobrega's conviction did not result in an impermissible retroactive effect. The BIA explained that *I.N.S. v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), was not controlling because De Nobrega was not eligible for § 212(c) relief at the time when he entered his plea. Finally, the BIA stated that De Nobrega did not meaningfully challenge the IJ's conclusion that his aggravated felony ground of deportation did not have a statutory counterpart in the grounds

3

for inadmissibility. Accordingly, the BIA affirmed the IJ's conclusion that De Nobrega was not eligible for § 212(c) relief.

## II.

As an initial matter, we must consider whether we may exercise jurisdiction over De Nobrega's petition. We review our own subject matter jurisdiction *de novo*. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007). We generally lack jurisdiction over a petition for review filed by an alien who is removable on account of a conviction for an aggravated felony. INA § 242 (a)(2)(C) 8 U.S.C. § 1252(a)(2)(C); INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii). Nevertheless, we retain jurisdiction to consider constitutional claims or questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). We have explained that § 1252(a)(2)(D) only confers jurisdiction over a "colorable" constitutional claim, meaning a claim that has "some possible validity." *Arias*, 482 F.3d at 1284 and n.2 (quotations omitted).

In order to determine whether De Nobrega's legal claims are colorable, such that may exercise jurisdiction over them, we must examine the merits of those claims. *See Oguejiofor v. Att'y Gen.*, 277 F.3d 1305, 1308-10 (11th Cir.2002) (holding that appellate jurisdiction was lacking over a petitioner's constitutional claims after determining that they lacked merit). Because De

4

Nobrega's claims are not squarely foreclosed by precedent, we conclude that we have jurisdiction to review them. Nevertheless, for the reasons described below, De Nobrega's arguments fail on the merits.

III.

We review the BIA's legal determinations *de novo*. *De la Rosa v. U.S. Att'y Gen.,* 579 F.3d 1327, 1335 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 3272 (2010). Since 1988, Congress has provided that aliens who commit certain aggravated felonies are deportable from the United States. INA §§ 101(a)(43), 237(a)(2)(A)(iii); 8 U.S.C. §§ 1101(a)(43), 1227(a)(2)(A)(iii); Anti-Drug Abuse Act of 1988, Pub.L.No. 100-690, §§ 7342, 7344, 102 Stat. 4181 (1988). The definition of "aggravated felony" applies to all convictions, regardless of when they occurred. 8 U.S.C. § 1101(a)(43). Thus, an alien who has committed an aggravated felony is deportable from the United States even if the conviction occurred before Congress added the aggravated felony provisions to the INA.

Former INA § 212(c) authorizes the Attorney General to permit a lawful permanent resident who leaves the United States to reenter the country even though the individual would normally be ineligible for admission under the INA. Congress repealed INA § 212(c) as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *St. Cyr*, 533 U.S. at 297, 121

S.Ct. at 2277. In *St. Cyr*, the Supreme Court concluded that the repeal of § 212(c) did not apply retroactively to aliens who pled guilty before the effective date of the IIRIRA. The Court recognized that Congress has the power to make a statute retroactive, but it observed that there is a general presumption against retroactivity. *Id.* at 315-16, 121 S.Ct. at 2287-88. The Court concluded that Congress had not expressed a clear intent to make the repeal of § 212(c) retroactive. *Id.* at 314–20, 121 S.Ct. at 2287–90. The Court also noted that applying the statute retroactively would upset the settled expectations of aliens who pled guilty in reliance on the fact that they could later apply for § 212(c) relief. *Id.* at 320-25, 121 S.Ct. at 2290-93. In the absence of a clear Congressional intent to the contrary, the Court declined to give the statute such an effect. *Id.* at 326, 121 S.Ct. at 2293.

By its terms, former INA § 212(c) only applies to aliens in exclusion proceedings who have been found to be inadmissible. *See De la Rosa*, 579 F.3d at 1329 (describing the history of INA § 212(c)). Nevertheless, for several decades, the BIA has permitted certain aliens in deportation proceedings to apply for § 212(c) relief as well. *Id.* at 1329-30. Specifically, the BIA allowed an alien in deportation proceedings to apply for § 212(c) relief if his ground of deportability was comparable to one of the statutory grounds for inadmissibility in INA

6

§ 212(a).  *Matter of Wadud*, 19 I & N Dec. 182, 184-85 (BIA 1984); *Matter of Granados*, 16 I & N Dec. 726, 728 (BIA 1979); *see also De la Rosa*, 579 F.3d at 1330-31 (describing the evolution of the comparable grounds test).  The purpose of this extension "was to equalize the treatment of aliens who were deportable versus excludable on equivalent grounds."  *Farquharson v. U.S. Att'y Gen*., 246 F.3d 1317, 1323 (11th Cir. 2001).

In 2004, the agency promulgated 8 C.F.R. § 1212.3(f)(5), which provides that an alien who is deportable or removable may not apply for § 212(c) relief if his ground of deportation or removal does not have a statutory counterpart in the grounds of inadmissibility.  We have recognized that 8 C.F.R. § 1212.3(f)(5) is a codification of the BIA's preexisting case law concerning the comparable grounds test.  *De la Rosa*, 579 F.3d at 1332.  In *Matter of Blake*, the BIA explained that a ground of removal is a statutory counterpart of a ground of inadmissibility if "Congress has employed similar language to describe substantially equivalent categories of offenses."  23 I & N. Dec. at 728.

Although De Nobrega phrases his argument in terms of due process, a waiver of inadmissibility under § 212(c) is a purely discretionary form of relief.  *See Oguejiofor*, 277 F.3d at 1309 (explaining that an alien does not have a constitutionally protected right to be eligible for discretionary relief).  Therefore,

De Nobrega cannot raise a due process challenge to the BIA's determination that he was ineligible for § 212(c) relief. De Nobrega's retroactivity argument is more properly viewed as a question of law, rather than a constitutional claim.

We conclude that the BIA did not err in applying *Matter of Blake* and the statutory counterpoint test to De Nobrega's case. The statutory counterpart rule is based on longstanding BIA precedent that predates De Nobrega's 1984 conviction. *See Matter of Granados*, 16 I & N Dec. at 728 (1979 case holding that § 212(c) relief is only available to an alien in deportation proceedings if the alien's ground of deportability is also a ground of inadmissibility); *see also De la Rosa*, 579 F.3d at 1330-32 (describing the evolution of the statutory counterpart test explaining that the statutory counterpart rule is the agency's most recent formulation of the comparable grounds test). Therefore, the application of *Matter of Blake* and the statutory counterpart test to his case did not result in an impermissible retroactive effect.

IV.

As noted above, we review the BIA's legal determinations *de novo*. *De la Rosa*, 579 F.3d at 1335. Under the prior panel precedent rule, a prior decision of a panel of this Court is binding on all subsequent panels unless and until the panel's decision is overturned by the Supreme Court or by this Court sitting *en banc*.

*Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

In *Matter of Blake*, the BIA adopted a categorical approach to the statutory counterpart test. The BIA explained that two offenses are statutory counterparts only if "Congress has employed similar language to describe substantially equivalent categories of offenses." 23 I & N Dec. at 728.

In *Matter of Brieva-Perez*, the BIA applied this categorical approach and concluded that the respondent's aggravated felony conviction for a crime of violence was not equivalent to a crime involving moral turpitude. 23 I & N Dec. at 773. The BIA explained that there does not have to be a "perfect symmetry" between the ground of deportation and the ground of inadmissibility, but it reasoned that there "must be a closer match than the incidental overlap" between the crime of violence ground and the crime involving moral turpitude ground. *Id.* The BIA pointed out that Congress had used "distinctly different terminology" to describe the two offenses, and that there was a "significant variance" in the types of offenses that fell into each category. *Id.*

In *Blake v. Carbone*, 489 F.3d at 101-04, the Second Circuit rejected the BIA's categorical approach to the statutory counterpoint test. The Second Circuit reasoned that the analysis should focus on the alien's particular criminal offense, rather than the category of deportation at issue. *Id.* at 103. Under the Second

Circuit's approach, an alien found to be removable based on an aggravated felony may apply for § 212(c) relief if his conviction also would be considered a crime involving moral turpitude. *Id.* at 104.

In *De la Rosa*, we adopted the categorical approach to the statutory counterpoint test. *De la Rosa*, 579 F.3d at 1337-40. We explained that a reviewing court must determine whether the alien's statutory ground of removal is substantially equivalent to one of the grounds of exclusion under INA § 212(a). *Id.* at 1339. Under that test, it is irrelevant whether the actual offense of conviction would also be a crime involving moral turpitude—the focus is on the statutory categories in the INA. *Id.* We declined to adopt the Second Circuit's alternative, offense-based approach. *Id.* at 1337.

Although De Nobrega urges us to adopt the offense-based approach to the statutory counterpart test laid out by the Second Circuit in *Blake v. Carbone*, his argument is foreclosed by our decision in *De la Rosa*. In that case, we adopted the BIA's categorical approach to the statutory counterpart test, rather than Second Circuit's alternative approach. *See De la Rosa*, 579 F.3d at 1337-40. Under the prior panel precedent rule, we are bound to follow *De la Rosa* unless it is overruled by the Supreme Court or by this Court sitting *en banc*. *See Smith*, 236 F.3d at 1300 n.8.

10

Applying the categorical approach, we conclude that the BIA did not err in finding that De Nobrega's ground of deportation is not a counterpart of any of the grounds of inadmissibility in INA § 212(a). As the BIA observed in *Matter of Brieva-Perez*, Congress used significantly different language to describe the two categories, and each category includes certain types of offenses not covered by the other category. *Matter of Brieva-Perez*, 23 I & N Dec. at 773. Therefore, the BIA correctly ruled that De Nobrega was ineligible for § 212(c) relief.

Accordingly, after review of the administrative record and the parties' briefs, we deny De Nobrega's petition for review.

**PETITION DENIED.**

11